UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN ERIC GOULD,<br><br>    Plaintiff(s),<br><br>v.<br><br>TRINITY SERVICES GROUP, INC., et al.,<br><br>    Defendant(s). | Case No. 2:21-cv-00045-APG-NJK<br><br>**Order**<br><br>[Docket No. 51] |

Pending before the Court is Defendants'[1] motion to reopen discovery or to dismiss. Docket No. 51. The Court does not require a response.

The Court first addresses the alternative request to dismiss. Courts do not address requests that are not supported by meaningfully developed argument. *See Kor Media Grp, LLC v. Green*, 297 F.R.D. 579, 582 n.3 (D. Nev. 2013). Counsel should take special care in presenting robust legal and factual showings when seeking significant relief. *E.g.*, *Taddeo v. Am. Invsco Corp.*, 2015 WL 751072, at *1 (D. Nev. Feb. 20, 2015). The request for dismissal does not include citation to any legal authority providing for such relief and is not predicated on any meaningfully developed argument.

The Court next addresses the request to reopen discovery. As a threshold matter, the motion seems to indicate that counsel was ignorant to the fact that a scheduling order was entered in this case prior to Defendants' appearances. Meaningful explanation has not been presented as to why counsel did not familiarize themselves with the docket upon entering an open case or why the instant request is being made more than three months thereafter.[2] Lastly, no explanation has

---

[1] The motion is brought by Defendants Trinity Services, Emonie Harvey, and F. Mendoza. Defendant Roman Logan has been dismissed. *See* Docket No. 47.

[2] Defendants appear to place the blame on Plaintiff, a *pro se* prisoner, for not serving them with a copy of the scheduling order upon their appearance in the case. *See* Docket No. 51 at 2.

1

been provided as to why a full 180 days is needed for discovery in this prisoner civil rights case. *Cf.* Docket No. 17 at 2 (providing discovery period of 90 days).

Accordingly, the motion to reopen discovery or to dismiss is **DENIED** without prejudice. To the extent Defendants believe discovery is needed and that sufficient grounds to reopen discovery exist, Defendants must file a renewed request to reopen discovery that includes meaningful discussion as to how the applicable standards are met, as well as a proposed schedule[3] and meaningful discussion in support of the period of discovery sought. Any renewed request to reopen discovery must be filed by April 18, 2022.

IT IS SO ORDERED.

Dated: April 4, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

The cited portion of the scheduling order requires service of the scheduling order when "additional parties [are] joined or brought into this action" pursuant to Rules 13, 14, 19, or 20 of the Federal Rules of Civil Procedure. Docket No. 17 at 1. The motion fails to explain why this provision was triggered in this case. *See* Docket No. 6 at 2-3 (initial complaint naming Trinity Services, Emonie Harvey, and F. Mendoza as defendants).

[3] The instant motion indicates that a proposed discovery plan would be filed after the motion is resolved. Docket No. 51 at 3. Parties seeking relief from deadlines must provide a proposed schedule in that request. Local Rule 26-3(d). Hence, any renewed motion must include calendar dates for any and all deadlines that Defendants seek to reset.