# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN ERIC GOULD,

    Plaintiff(s),

v.

TRINITY SERVICES GROUP, INC., et al.,

    Defendant(s).

Case No. 2:21-cv-00045-CDS-NJK

**Order**

[Docket Nos. 54, 55, 57, 58]

Pending before the Court are Plaintiff's proposed pretrial order, Docket No. 54, Defendants'[1] motion to reopen discovery, Docket No. 55, Defendants' motion for an extension of time to file a proposed pretrial order, Docket No. 57, and Defendants' motion to strike Plaintiff's proposed pretrial order, Docket No. 58. The Court does not require further briefing on these matters. The matters are properly resolved without a hearing. *See* Local Rule 78-1.

**I.  BACKGROUND**

Based on the answer filed by Defendant Ramona Logan,[2] the Court issued a scheduling order on September 14, 2021. Docket No. 17. Among other deadlines, the Court set a discovery cutoff of December 13, 2021. *Id.* at 2. On November 22, 2021, Defendants filed a motion to extend the time to respond to the complaint. Docket No. 31. On December 22, 2021, Defendants filed answers. Docket Nos. 34-36. Defendants did not seek relief from the scheduling order during this period. On March 28, 2022, United States District Judge Andrew P. Gordon noted that the deadline to file a joint proposed pretrial order had expired and ordered the parties to file a joint proposed pretrial order by April 22, 2022. Docket No. 50. On April 1, 2022, Defendants filed a

---

[1] The motion is brought by Defendants Trinity Services, Emonie Harvey, and F. Mendoza. References hereinafter to "Defendants" are made with respect to these three defendants only.

[2] Defendant Ramona Logan has now been dismissed. *See* Docket No. 47.

motion to reopen discovery or to dismiss. Docket No. 51. On April 4, 2022, both requests were denied. Docket No. 52. The above motion practice then ensued.

**II.     RENEWED MOTION TO REOPEN DISCOVERY (Docket No. 55)**

The Court begins with Defendants' motion to reopen discovery. A request to reopen deadlines in the scheduling order must be accompanied by a showing of both good cause and excusable neglect. Local Rule 26-3; *see also* Fed. R. Civ. P. 6(b)(1)(B). The good cause analysis focuses on the movant's diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The excusable neglect analysis addresses a variety of equitable considerations, including (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993).

Defendants' showing of both good cause and excusable neglect is very weak. The basic gist of Defendants' position is that they entered the case after the scheduling order had issued and that, upon learning of that fact, they did nothing about the applicable deadlines based on the misimpression that the Court would *sua sponte* grant them relief. Docket No. 55 at 3. Defendants proffer no meaningful argument or legal authority to support that misbelief and it is directly contrary to the scheduling order itself. *See* Docket No. 17 at 4 ("Any party who seeks to amend this Scheduling Order **shall file and serve a motion**" (emphasis added)). Nonetheless, as a one-time courtesy and as a means to have this matter decided on its merits, the Court will allow the deadlines to be reopened in this case.[3]

Accordingly, the motion to reopen deadlines will be granted in part[4] and deadlines are reset as follows:

- Discovery cutoff: August 9, 2022

---

[3] Counsel are cautioned that they must comply with all applicable rules and orders moving forward, however.

[4] "[A]n action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision" is exempt from initial disclosures. Fed. R. Civ. P. 26(a)(1)(B)(iv). Hence, the Court will not grant Defendants' request to impose a deadline for initial disclosures. Docket No. 55 at 4.

- Discovery motions:  August 23, 2022
- Dispositive motions:  September 8, 2022
- Joint proposed pretrial order:  October 10, 2022, or 30 days after resolution of dispositive motions

### III. PLAINTIFF'S PROPOSED PRETRIAL ORDER (Docket No. 54) AND DEFENDANTS' MOTION TO EXTEND DEADLINE FOR JOINT PROPOSED PRETRIAL ORDER (Docket No. 57)

In light of the ruling above, the Court will deny without prejudice Plaintiff's proposed pretrial order and will deny as moot Defendants' motion to extend the deadline for the joint proposed pretrial order.

### IV. DEFENDANTS' MOTION TO STRIKE (Docket No. 58)

The Court lastly addresses Defendants' motion to strike Plaintiff's proposed pretrial order. Docket No. 58.  The Court recently set out the applicable standards for this request:

> District courts possess authority to strike an improper filing under their inherent power to control the docket. *E.g.*, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010); *Metzger v. Hussman*, 682 F. Supp. 1109, 1110-11 (D. Nev. 1988). "Motions to strike under the inherent power . . . are wholly discretionary." *Jones v. Skolnik*, 2015 WL 685228, at *2 (D. Nev. Feb. 18, 2015).  In deciding whether to exercise that discretion, courts consider whether striking the filing would "further the overall resolution of the action," and whether the filer has a history of excessive and repetitive filing that has complicated proceedings. *Id.*  "Similarly, courts have expressed reluctance at striking material without some showing of prejudice to the moving party." *Benson v. Nev.*, 2017 U.S. Dist. Lexis 52095, at *2 (D. Nev. Apr. 4, 2017) (citing *Roadhouse v. Las Vegas Metro. Police Dept.*, 290 F.R.D. 535, 543 (D. Nev. 2013)).  Especially with respect to filings of *pro se* litigants who may be unfamiliar with the technical aspects of the applicable rules, it is not a useful expenditure of resources to entertain motions to strike without any showing of prejudice. *Mitchell v. Nev. Dept. of Corr.*, 2017 U.S. Dist. Lexis 59072, at *2 (D. Nev. Apr. 18, 2017) ("Modern litigation is too protracted and expensive for the litigants and the court to expend time and effort pruning or polishing the pleadings" (quoting 5C Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 1382, at 457-58 (2004)).

*Zeddies v. Clark Cnty. Sch. Dist.*, 2021 WL 2583545, at *2 (D. Nev. June 23, 2021).

Although the instant motion indicates that Defendants believe Plaintiff's proposed pretrial order is deficient, the motion does not explain in any meaningful fashion why the document should

be stricken from the record as opposed to being simply denied.[5]  Similarly, no showing has been made that Defendants will be prejudiced by the document remaining on the public docket.

Accordingly, Defendants' motion to strike will be denied.

## V. CONCLUSION

For the reasons stated more fully above, the Court hereby **ORDERS** as follows:

- Defendants' motion to reopen discovery (Docket No. 55) is **GRANTED** in part and deadlines are set as stated in Section II;
- Plaintiff's pretrial order (Docket No. 54) is **DENIED** without prejudice;
- Defendants' motion for extension (Docket No. 57) is **DENIED** as moot; and
- Defendants' motion to strike (Docket No. 58) is **DENIED**.

IT IS SO ORDERED.

Dated: May 3, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[5] The proposed pretrial order was already denied without prejudice as stated above.