UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Steven Eric Gould,<br><br>           Plaintiff<br><br>     v.<br><br>Trinity Services Group, Inc., et al.,<br><br>           Defendants | Case No. 2:21-cv-00045-CDS-NJK<br><br>**Order Granting Defendants' Motion for Summary Judgment, and Closing Case**<br><br>[ECF No. 99] |

      This is a 42 U.S.C. § 1983 civil rights action brought by pro se plaintiff Steven Gould. He brings several allegations against Clark County Detention Center (CCDC) officers, where he was previously housed as an inmate.[1] Specifically, he alleges that defendants Harvey, Mendoza, Ford[2], and Logan[3] "were all willfully deliberately indifferent towards [his] sincerely held religious beliefs as all defendants deprived [him] [of] the free exercise of his religion 'Judaism.'" ECF No. 6 at 4. Gould contends that defendants violated the Religious Land Use and Institutionalized Persons Act (RLUIPA), the First Amendment, and the Eighth Amendment for various inadequacies regarding his Kosher diet. He also brings a claim for relief against defendant Trinity Services Group, Inc., alleging the same. *Id.*

      Defendants Trinity Service Group, Inc., Harvey, and Mendoza (collectively, defendants) move for summary judgment arguing that Gould failed to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA), and even if he had, there is no evidence to establish that defendants caused him any harm. ECF No. 99. The motion is fully briefed.

---

[1] Gould is now housed at Ely State Prison. ECF No. 60.
[2] Ford was dismissed from this action on April 11, 2022. ECF No. 53.
[3] Logan was dismissed from this action on February 1, 2022. ECF No. 47.

For the reasons set forth herein, I grant defendants' motion for summary judgment based on Gould's failure to exhaust administrative remedies. Because Gould has no surviving claims, I kindly instruct the Clerk of Court to enter judgment accordingly and to close this case.

I.  **Legal standard**

   A. *Summary judgment*

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). At the summary judgment stage, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed; the case must then proceed to the trier of fact. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

Summary judgment proceeds in a burden-shifting step analysis. The burden starts with the moving party. A party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, and other evidence which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 325. If the moving party meets its initial burden of showing the absence of a material and triable issue of fact, the burden then shifts to the opposing party, who must present

significant probative evidence tending to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).

At the summary judgment stage, "a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial." *Assur. Co. of Am. v. Ironshore Specialty Ins. Co.*, 2015 WL 4579983, at *3 (D. Nev. July 29, 2015) (citation omitted). A trial court can only consider admissible evidence in ruling on a motion for summary judgment. *Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002).

## B. Exhaustion

The PLRA's exhaustion provision provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is not "left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). "Failure to exhaust under the PLRA is 'an affirmative defense [that] the defendant must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)).

"The Ninth Circuit instructed in *Albino v. Baca* that a summary-judgment motion is the proper procedural device to resolve PLRA exhaustion questions." *Hobson v. Clark Cnty.*, 2019 WL 1442171, at *3 (D. Nev. Mar. 31, 2019) (citation omitted). "[T]he defendant's burden is to prove that there was an available administrative remedy and that the prisoner did not exhaust that available remedy." *Albino* at 1172. If this is accomplished, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id.* at 1166.

## II. Discussion

### A. *I take judicial notice of the CCDC inmate handbook.*

Defendants request that I take judicial notice of the CCDC inmate handbook. ECF No. 99 at 6. Federal Rule of Evidence 201 governs requests for judicial notice, stating: "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Rule 201 further states that a court may take judicial notice sua sponte or if the party requesting judicial notice provides the court with the basis for judicial notice. *Id.* at (c)(2). Additionally, courts may take judicial notice of the contents of records made public by government entities when neither party disputes the authenticity. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010).

I find that defendants provided a satisfactory basis for requesting judicial notice of the CCDC inmate handbook and further find that it meets the requirements set forth in Rule 201. As defendants explain, the handbook "was taken directly from a government website and the authenticity cannot be disputed." ECF No. 99 at 6. Indeed, the handbook is a public record that was taken from the Las Vegas Metropolitan Police Department Detention Services Division website.[4] *See Daniels-Hall*, 629 F.3d at 998–99 (explaining that it is appropriate to take judicial notice of information that was made publicly available by government entities when neither party disputes the authenticity of the website, or the accuracy of the information displayed therein).

---

[4] The URL provided by defendants did not work. However, as a public document, I found the following URL which leads to the CCDC inmate handbook filed by defendants: https://files.clarkcountynv.gov/clarkcounty/Detention%20Center/Inmate%20Handbook%2010-2022.pdf (last accessed 10/2/2023).

4

Gould moved to strike defendants' request for me to take judicial notice of the CCDC handbook, which I liberally construe[5] to be an objection. ECF No. 101 at 22. Gould objects to the court taking judicial notice of the handbook because he was not provided a copy while in CCDC custody; because he was "brought to CCDC by means of kidnapping and/or human trafficking without probable cause supported by oath or affirmation and without warrant"; because he "does 'not' accept enforcement" of the handbook; and because the handbook is "inadmissible evidence". ECF No. 101 at 22–23. Gould did not, however, dispute the authenticity of the CCDC handbook.

Because I find that defendants have satisfied Rule 201, that chapter 9 of the CCDC inmate handbook outlines inmate grievance procedures that are pertinent to defendants' motion for summary judgment, and because Gould did not dispute its authenticity, I take judicial notice of the CCDC inmate handbook.

B. *Because Gould failed to exhaust, I grant defendants' motion for summary judgment.*

It is undisputed that Gould's religious beliefs require him to eat a Kosher diet. *See* ECF No. 99 at 2 (defendants' statement of undisputed facts); ECF No. 6 at 4 (complaint). Gould contends that defendants were complicit in serving him non-Kosher food throughout his detention at CCDC in violation of RLUIPA, the First Amendment, and the Eighth Amendment. ECF No. 6 at 1–3. Defendants argue that summary judgment should be granted in their favor because there is no genuine dispute of material fact that Gould failed to appeal his grievances, which constitutes a failure to exhaust his administrative remedies prior to bringing this action. ECF No. 99 at 7.

A prisoner need comply only with the prison's own grievance procedures in order to properly exhaust under the PLRA. *Jones*, 549 U.S. at 199. The inmate grievance process at CCDC

---

[5] A document filed pro se is "'to be liberally construed,' and 'a pro se complaint, however unartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

is outlined in chapter 9 of the CCDC inmate handbook. CCDC Inmate Handbook, Defs.' Ex. 1, ECF No. 99-1 at 9–10. CCDC utilizes a three-level grievance procedure. *Id.* The first level requires inmates to attempt to resolve grievances informally with their housing unit officer. *Id.* at 39. If an inmate cannot obtain a solution and wishes to further address the informal grievance, he may pursue the second level. *Id.* The second level requires an inmate to file a formal grievance with their inmate request manager or through the kiosk system. *Id.* The handbook states that at the second level formal grievance stage, a sergeant will investigate and respond to the grievance. *Id.* If the response to the inmate's formal grievance is unsatisfactory, the third level requires an inmate to appeal to the lieutenant for resolution. *Id.* The handbook clearly states that it is an inmate's responsibility to request that a grievance be appealed. *Id.* at 40.

As the records provided by defendants establish, between from October 7, 2019, through September 17, 2020, Gould submitted over 20 formal grievances (via the CCDC kiosk system) for numerous reasons pertaining to being served non-Kosher foods and food lacking in nutritional value, but did not appeal any of these grievances. *See generally* Record of Gould's CCDC Grievances, Defs.' Ex. 2, ECF No. 99-2. Thus, defendants met their initial burden to prove that there was an available administrative remedy that Gould did not exhaust. The burden then shifts to Gould to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. *Albino*, 747 at 1168–69. Gould fails to meet his burden. Instead, he makes numerous unsupported claims alleging that he properly exhausted. *See* ECF No. 101 at 5, 10–12, 24. I address each in turn.

First, Gould argues that he exhausted administrative remedies prior to filing suit by filing second level grievances (ECF No. 101 at 5, 11) but that is not sufficient to exhaust. The handbook specifically states that inmates must first speak to their housing unit officer, then submit a formal grievance, and appeal up the chain to a sergeant, and ultimately a lieutenant. CCDC Inmate Handbook, Defs.' Ex. 1, ECF No. 99-1 at 9. The evidence confirms that Gould

followed the requirements up to the second step, and that he filed formal grievances, but did not appeal them. *See* Record of Gould's CCDC Grievances Appealed, Defs.' Ex. 3, ECF No. 99-3. Gould presents no evidence that he completed the grievance process. Accordingly, this argument fails.

Second, Gould also argues that because he did not receive a copy of the CCDC inmate handbook, exhaustion "does 'not' apply." ECF No. 101 at 12. I liberally construe this to be an argument that CCDC's grievance procedure was unavailable to him due to unawareness of the procedure. "[F]or an inmate to claim that a prison's grievance procedure was effectively unavailable due to the inmate's unawareness of the procedure, the inmate must show that the procedure was not known and unknowable with reasonable effort." *Albino*, 697 F.3d at 1037. But "[i]gnorance of the grievance process is generally not sufficient to show that remedies were unavailable," and "inmates are expected to make a reasonable, good faith effort to discover and exhaust the appropriate procedure." *Miller v. Najera*, 2017 WL 6538998, at *6 (E.D. Cal. Dec. 21, 2017). This argument also fails because the only evidence provided by Gould is his own self-serving, conclusory statements that the administrative procedures were unknown to him or unknowable through reasonable efforts. This is insufficient. *Nigro v. Sears Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015) ("The district court can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence."); see also *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (mentioning that the Ninth Circuit "has refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving testimony.'") (quoting *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996)). Moreover, the fact that Gould understood that he could file a grievance is circumstantial evidence that he had some knowledge of the administrative remedy process.

Third, Gould also argues that he exhausted administrative remedies prior to filing suit because he exhausted remedies *to the extent available* for two reasons: (1) the option to appeal was effectively unavailable as he could not "always see" the grievances that he had filed via the kiosk

7

system,[6] and (2) CCDC staff did not allow or offer him the opportunity to appeal. ECF No. 101 at 5, 10–11, 24.

Gould contends that the option to appeal was not available as he could not always see the grievances within the kiosk system as they are often closed, flagged, or hidden "as shown in document 99-2, defendants (exhibit 2) pages 3 to 22." ECF No. 101 at 10 (referring to Record of Gould's CCDC Grievances, Defs.' Ex. 2, ECF No. 99-2). This record shows several of Gould's grievances were marked "closed" in the days after the grievances were filed. *See, e.g., id.* at 3. Similarly, the record of Gould's grievances appealed shows that a grievance was marked "closed" on May 3, 2021. Record of Gould's CCDC Grievances Appealed, Defs.' Ex. 3, ECF No. 99-3 at 3. However, the record undermines Gould's argument. For example, even though the grievance was marked closed on May 3, 2021, he was still able to appeal the grievance via the kiosk the very next day on May 4, 2021. *Id.* The same occurred on at least one other occasion. *Id.* (grievance marked closed on May 14, 2021, then appealed the day after being marked "closed.").

Thus, Gould's assertion that the appeal process was not available to him is belied by his history of using the kiosk system to successfully appeal two grievances even after they were marked "closed." Without more, there is insufficient evidence to support Gould's argument that the administrative remedy was unavailable to him. *See Albino*, 747 F.3d at 1166 (explaining that once the defendant has carried out their burden, the prisoner has the burden to produce evidence showing that there is something in his particular case that made existing and generally available administrative remedies unavailable).

Finally, Gould argues that CCDC staff generally did not allow or offer him the opportunity to appeal. The PLRA exhaustion requirement may be excused where intervening actions or conduct by officials render the inmate grievance procedure unavailable. *McBride v. Lopez*, 807 F.3d 982, 984 (9th Cir. 2015). But again, Gould provides only his self-serving,

---

[6] Understanding and use of the kiosk system is also circumstantial evidence of Gould's knowledge of the administrative process.

conclusory statements instead of admissible evidence in support of this argument. *See* ECF No. 101 at 11.

Gould has failed to meet his burden in demonstrating that there is a genuine issue of material fact with respect to exhausting his administrative remedies. As a result, I grant defendants' motion for summary judgment.[7] *Albino*, 747 F.3d at 1166 ("If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56.").

    C. *Gould's new allegations raised for the first time at summary judgment do not raise a genuine issue of material fact.*

In response to defendants' motion for summary judgement, Gould raises a number of novel arguments in an effort to keep his case alive. Even liberally construing Gould's opposition, however, I find that he still fails to meet his burden to show that there is a genuine issue of material fact to proceed to trial. Gould claims for the first time in his opposition to defendants' summary judgment motion that he never obtained full discovery; that he is being held unjustly without a warrant; that he is a sovereign citizen and is thus not subject to the CCDC inmate rules; that he is not an inmate; and that his identity is "currently under investigation[.]" *See* ECF No. 101 at 1–8, 26.

The Ninth Circuit has long held that theories raised for the first time at summary judgment cannot survive. *See Navajo Nation v. United States Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) ("Nevertheless, our precedents make clear that where, as here, the complaint does not

---

[7] Because I grant summary judgment based on failure to exhaust administrative remedies on all claims, I need not reach a conclusion on the merits of Gould's RLUIPA and constitutional claims. However, the court notes that Gould's RLUIPA claim cannot survive in any event because it is moot. Federal courts lack jurisdiction over claims that have been rendered moot because "the issues presented are no longer live" or because the parties no longer possess "a legally cognizable interest in the outcome." *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)). Once an inmate is removed from the environment where he was subjected to the challenged policy or practice, absent a claim for damages, "[the inmate] no longer has a legally cognizable interest in a judicial decision on the merits of his claim." *Id.* (quoting *Incumaa v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007)). Gould is now longer housed at CCDC (*see* ECF No. 60), therefore mooting his RLUIPA claim.

include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court") (citing *Wasco Products, Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings")); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) ("A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations."); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (holding that a plaintiff could not raise new factual allegations at summary judgment because defendants were not given "fair notice of what the plaintiff's claim [were] and the grounds upon which [they] rest[ed]," as required by Fed. R. Civ. Pro Rule 8(a)(2)).

Thus, while I liberally construe pro se pleadings, I will not consider new allegations raised for the first time at summary judgment. *See Burrell v. Cnty. of Santa Clara*, 2013 WL 2156374, at *11 (N.D. Cal. May 17, 2013) ("The Court will not consider claims raised for the first time at summary judgment which Plaintiffs did not raise in their pleadings."); *Allergia, Inc. v. Bouboulis*, 2017 WL 2547225, at *4 (S.D. Cal. June 13, 2017) (same). Accordingly, Gould's new arguments are insufficient to overcome summary judgment in defendants' favor.

### III.   Conclusion

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment [ECF No. 99] **is GRANTED**.

The Clerk of Court is kindly instructed to enter judgment accordingly and to close this case.

DATED: October 24, 2023

_____
Cristina D. Silva
United States District Judge